# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | VIRGINIA M. KENDALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2446 | **DATE** | June 2, 2008 |
| **CASE TITLE** | Timothy Frazier (#09220-027 ) v. Eric Wilson, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [4] is denied without prejudice. Plaintiff's complaint is dismissed without prejudice. Plaintiff is given 30 days from the date of this order to: (1) either pay the $350 filing fee or submit another *in forma pauperis* application demonstrating his inability to prepay the filing fee, and (2) submit an amended complaint that states a valid federal claim for relief. Failure to comply within 30 days may be construed as his desire not to proceed and will result in dismissal of this case. The clerk shall forward an *in forma pauperis* application, an amended civil rights complaint form, and instructions for filing to plaintiff. Nakia Coleman is stricken as a plaintiff. Plaintiff's motion for the appointment of counsel [5] is denied at this time.

■ [**For further details see text below.**]      Docketing to mail notices.

## STATEMENT

     Plaintiff, Timothy Frazier (#09220-027), an inmate at Metropolitan Correctional Center has filed a civil rights complaint against Warden Eric Wilson, Department Head Tony McWaters, and Security Officers Mr. Sowell and Mrs. Smith. Plaintiff alleges that his fiancé, Nakia Coleman, forwarded to plaintiff a letter that contained six photographs of herself either topless or scantily dressed. Plaintiff states that the letter was opened by the prison to check for contraband, that he was questioned about the photographs, that he ultimately received the letter, but that the photographs were lost. Plaintiff fears that the photographs were mistakenly given to another inmate or possibly sold to be placed on the internet. Plaintiff asserts that the prison was negligent with its handling of the photographs, and he seeks two million dollars as relief "to send a message" to the prison's administration to be more careful with his mail. Although Nakia Coleman is listed as a plaintiff on the cover page of the complaint, she neither signed the complaint, nor paid the filing fee, nor submitted an *in forma pauperis* application. Accordingly, she is stricken as a plaintiff.

     Plaintiff's *in forma pauperis* application shows that his average monthly deposit for two months is $405.00. Accordingly, his current application indicates that he can prepay the $350 filing fee and that he does not qualify as a pauper. *See* 28 U.S.C. § 1915(b); *see also Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999) (when determining a prisoner's *pauper* status under § 1915, a court must look to the greater of the prisoner's average balance or deposits without regard to his expenditures). The court thus denies plaintiff's motion to proceed *in forma pauperis* without prejudice to plaintiff submitting another application demonstrating that his current average monthly deposit or balance is insufficient to prepay the $350 filing fee. If plaintiff submits another application demonstrating that he is a pauper, the court will assess an initial partial filing fee and instruct that deductions be made from his trust fund account until the full $350 filing fee is paid. Alternatively, plaintiff may pay the $350 filing fee. The clerk shall forward to plaintiff an *in forma pauperis* application. Plaintiff is given 30 days to either submit another application or pay the filing fee. Failure to do so will result in dismissal of this suit. *See* Local Rule 3.3.
**(CONTINUED)**

     isk

**STATEMENT (continued)**

The court also notes that plaintiff's complaint does not state valid civil rights claims. Plaintiff's allegations assert only claims of negligence, which are insufficient to support a civil rights action. *Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 308 (7th Cir. 1993) (allegations of only negligence with not receiving mail do not support a civil rights claim of mail tampering). Furthermore, plaintiff names as defendants officers who were not personally involved with either the misplacement of the photographs or the correctional facility's mail policies. *See Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997) (personal involvement is a prerequisite to hold a defendant liable in a civil rights action). Because the current complaint fails to state a valid civil rights claim, the court dismisses it. However, the court affords plaintiff one opportunity to submit a complaint that states a valid claim. The dismissal of the current complaint is therefore without prejudice to plaintiff submitting an amended complaint that states a valid claim. The court advises plaintiff that the submission of an amended complaint that fails to state a valid claim may result in a dismissal with prejudice under 28 U.S.C. § 1915A, which would result in the imposition of a strike under 28 U.S.C. § 1915(g). Plaintiff is advised that if he accumulates three strikes (if he has had a three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If plaintiff wants to proceed with this action, he must: (1) either prepay the $350 filing fee or submit another *in forma pauperis* application that demonstrates that he is a pauper, and (2) submit an amended complaint that states a valid claim. Plaintiff is given 30 days from the date of this judgment to comply. Failure to comply within 30 days may be construed as plaintiff's desire not to proceed with this case and will result in dismissal.